### STATE v. WILLIAM HINES.

*Swearing witness before Grand Jury—Quashing.*

The act of 1879, ch. 12, providing that the foreman of the grand jury shall mark on the indictment the names of the witnesses sworn and examined before the jury, is *directory* merely ; and the omission of the foreman to comply therewith is no ground for quashing the bill, where the proof is that the witnesses were sworn.

(*State* v. *Roberts,* 2 Dev. & Bat., 540; *State* v. *Cain,* 1 Hawks, 355, cited and approved.)

INDICTMENT for larceny tried at Fall Term, 1880, of WILSON Superior Court, before *Gudger, J.*

Upon calling this case for trial, the defendant moved to quash the indictment for the reasons following :   On the back of the bill under the word " witnesses " the names of two persons were written, one of whom was R. A. Johnston ; and immediately below these names the following certificate was endorsed, to-wit : " Those marked + sworn by the foreman and examined before the grand jury :"   " A true bill." This certificate was signed officially by the foreman of the grand jury, but neither of the names of the witnesses endorsed on the bill had the " cross mark " or other designation of such witness having been sworn.   From the oral testimony of said Johnston it did appear, and the court accordingly found as a fact, that he had been sworn as a wit-

ness on said bill by the foreman and examined before the grand jury. Upon the evidence of the clerk of the court, His Honor further found as a fact that the indictment had been duly returned by the foreman into open court, as a "a true bill," and that the names of said witnesses appeared thereon endorsed when it was returned.

The court being of opinion that under the act of 1879, ch. 12, § 1, the certificate of the foreman must show what witnesses were sworn, by marking their names, sustained the motion to quash, and thereupon, *Galloway*, solicitor for the state, appealed.

*Attorney General*, for the State.
*Messrs. Murray & Woodard*, for defendant.

ASHE, J. Before the act of 1879, if an indictment was found without evidence or upon illegal evidence, as upon the testimony of witnesses not sworn, upon proof of the fact the bill might be quashed or the matter might have been pleaded in abatement, but could not have been taken advantage of by motion in arrest of judgment; for the endorsements on the bill have been held to be no part of the record. But the omission to designate the witsesess who may have been sworn, by a + mark, was not sufficient to quash the bill. The fact that they were not sworn must have been established by proof offered by the defendant. The motion to quash could not be sustained when it was made to appear that the witnesses had been sworn, although there was no endorsement on the bill to that effect. *State* v. *Roberts*, 2 Dev. & Bat., 540; *State* v. *Cain*, 1 Hawks, 352.

This principle we think has not been changed by the act of 1879, ch. 12, § 1, which empowers the foremen of grand juries to administer oaths to persons to be examined before grand juries, and provides that the foreman should mark on the bill the names of the witnesses sworn and examined

before the grand jury. We hold that this provision is merely directory, and that it is competent for the state, when the foreman has omitted to mark the witnesses sworn, to show by proof that they were sworn.

In Massachusetts, they have an act of assembly (Rev. Statutes, ch. 136, § 9), which provides "that a list of all witnesses sworn before the grand jury during the term shall be returned to the court under the hand of the foreman ; and it has been there held that it is directory merely, and a noncompliance therewith is no ground for quashing an indictment." *Com.* v. *Edwards,* 4 Gray, (Mass.) 1.

In our case there was proof that the witnesses examined before the grand jury were sworn. The indictment therefore should not have been quashed. There is error. Let this be certified to the superior court of Wilson that further proceedings may be had in conformity to this opinion and the law.

PER CURIAM. Error.