STATE v. JOSEPH E. SHEPPARD.

*Indictment—Quashing—Arrest of Judgment.*

1. The Court may, in its discretion, allow a motion to quash at any time before verdict.

2. Judgment can be arrested only for some matter appearing on the face of the record, or for some matter which ought to be in the record, but is not there.

3. The endorsement on the back of an indictment is no part of the record.

4. Where it did not appear from the endorsement on the indictment that the witnesses sent to the grand jury had been sworn, it was held no ground to quash the indictment after a plea of not guilty, or to arrest the judgment after verdict.

(*State* v. *Hines,* 84 N. C., 810; *State* v. *Roberts,* 2 Dev. & Bat., 540; *State* v. *Eason,* 70 N. C., 90; cited and approved).

This was a CRIMINAL ACTION, tried before *Graves, Judge,* at Spring Term, 1886, of MITCHELL Superior Court.

26*

The defendant was charged with an assault and battery with a deadly weapon, upon one Mosely. The names of two witnesses were endorsed on the bill of indictment, with the further endorsement: "Those marked thus + sent by the Solicitor, and sworn and examined by me, and this bill found a true bill," and signed by the foreman of the grand jury. There was no mark set opposite the name of either witness, to indicate that he had been sworn and examined before the grand jury.

The defendant entered a plea of "not guilty."

Upon the call of the case, and before the jury was empaneled, the defendant moved to quash the indictment, upon the ground that it did not appear from any endorsement upon the bill, that either of the witnesses marked had been sworn and examined before the grand jury.

This motion was overruled, and the defendant put upon his trial. Upon the trial, the State offered as a witness, the clerk of the Court, and the records of the Court, to show that the grand jury had returned the bill in open Court, endorsed, "a true bill," with the names of the witnesses endorsed on the indictment, as they appeared at the time of the trial.

There was no other evidence to show that the witnesses had been sworn and examined at the finding of the bill of indictment.

There was a verdict of guilty. The defendant moved in arrest of judgment. Motion overruled, and judgment, from which the defendant appealed.

*The Attorney-General*, for the State.
No counsel for the defendant.

DAVIS, J., (after stating the facts). The first exception was to the refusal of the Court to quash the indictment. The record shows that the defendant had entered the plea

of " not guilty," and issue joined. After plea and issue joined, the motion to quash may be allowed, at the discretion of the Court, at any time before verdict. *State* v. *Eason,* 70 N. C., 90. Being a matter of discretion, upon proof of the fact that the witnesses were not sworn, the Court, in the exercise of its discretion, would doubtless have granted the motion, but if refused, the defendant might have pleaded in abatement, and shown, if such was the fact, that the witnesses had not been sworn; *State* v. *Hines,* 84 N. C., 810.

The second exception was to the refusal to grant the motion in arrest of judgment. " Judgment can be arrested only for matter appearing in the record, or for some matter which ought to appear, and does not appear in the record." The endorsements on the indictment have been held to be no part of the record; *State* v. *Roberts,* 2 D. &. B., 540; *State* v. *Hines, supra.*

After plea of not guilty, the defendant was not entitled, as a matter of right, to take advantage, by either motion, of the omission of the foreman to put a + before the name of a witness.

A proper motion, in apt time, would doubtless have resulted in a correction of the omission, and as he was found guilty upon the issue raised by his plea, he suffered no wrong or injustice, of which he can complain.

There is no error. Let this be certified.

No error. Affirmed.