## STATE v. COATES.

(Filed May 27, 1902.)

INDICTMENT—*Incompetent Witness Before Grand Jury—Quashal—Arrest of Judgment—Grand Jury.*

> The finding of an indictment upon the evidence of witnesses, one of whom is incompetent, does not invalidate the indictment.

DOUGLAS, J., dissenting.

INDICTMENT against Garrett Coates, heard by Judge *M. H. Justice* and a jury, at February Term, 1902, of the Superior Court of MADISON County. From a verdict of guilty and judgment thereon, the defendant appealed.

*Robert D. Gilmer,* Attorney-General, for the State.
*Pritchard, Adams & Rollins,* for the defendant.

CLARK, J. This is an indictment for an assault upon Zanie Coates, with intent to commit rape. Said Zanie and Fronie Coates, the wife of defendant, were sworn and examined as witnesses before a grand jury. The defendant moved to quash because his wife was examined before the grand jury. Motion denied and defendant excepted. Upon the trial the wife was not examined as a witness. Verdict of guilty. Motion in arrest of judgment upon same ground as in motion to quash. Motion denied and defendant again excepted. This is the only point presented.

The law is uniformly held by many decisions, and not one has been found to the contrary, as follows: When an indictment is found upon testimony, all of which is incompetent, or of witnesses, all of whom were disqualified, the bill will be quashed; but when some of the testimony, or some of the witnesses before the grand jury, were incompetent, the Court will not go into the barren inquiry how far such testimony or such

witnesses contributed to finding the bill, which is merely a charge, but will admit the competent witnesses or testimony on the trial before the petit jury, and, if sufficient to satisfy the jury beyond a reasonable doubt of the prisoner's guilt, the judgment will not be arrested, for such verdict establishes in the most conclusive mode that the incompetent evidence was mere surplusage in making out a *prima facie* case before the grand jury, and works no prejudice to the prisoner.

In *State v. Tucker,* 20 Iowa, 508, it is held that the admission of incompetent testimony (the wife against the husband) by the grand jury (there being other and competent evidence) does not warrant quashing the indictment. The Court says, "Whether witnesses are competent is often a very difficult question of law, and to hold that if the grand jury, in the course of their investigation, happen to examine an incompetent witness, that this will have the effect to vitiate their finding, is going a step further than we are prepared to take."

In *State v. Shreve,* 137 Mo., 1, the Court held that there being competent witnesses against the husband before the grand jury, "it is no ground to quash the indictment that an incompetent witness (the wife) also testified before the grand jury." Exactly the same ruling was made in *Dockery v. State,* 35 Tex. Cr. App., 487, and *Hammond v. State,* 74 Miss., 214, in both of which one of the witnesses was the wife against the husband. In Wharton Cr. Pl. and Pr. (9th Ed.), Sec. 363, note 4, it is said, "The mere reception of some evidence that is incompetent does not avoid the finding." Citing *State v. Fassett,* 16 Conn., 457; *State v. Wolcott,* 21 Conn., 272; *State v. Boyd,* 2 Hill (S. C.), 288, 27 Am. Dec., 376; *Turk v. State,* 7 Ohio (Part 2), 242; *State v. Tucker,* 20 Iowa, 509; *Jones v. State,* 81 Ala., 79, all of which sustain the text. The same section says, "It seems that if a bill is found solely on incompetent evidence it will be quashed before plea, though the objection will be too late after convic-

tion," citing on this last proposition, among other cases, *State v. Fellows,* 3 N. C., 340.

Thompson & Merriam on Juries, Sec. 642, notes 1, 2 and 3, says: "An indictment should not be held bad because the grand jury heard improper evidence;" citing in addition to the cases above cited by Dr. Wharton, *Blumer v. State,* 3 Snead, 66; *People v. Strong,* 1 Abb. Pr. (N. S.), 244; *Hope v. People,* 83 N. Y., 418, 38 Am. Rep., 460; *State v. Logan,* 1 Nev., 509; *Sleele v. State,* 1 Tex., 142.

In 1 Bishop New Cr. Proc., Sec. 872 (5), "It will not sustain a plea in abatement that one of several witnesses (before the grand jury), was incompetent." There are other authorities, but all seem to be to the same effect, and this was the common law. *Rex v. Marsh,* 6 Adolphus & Ellis, 236. This uniform ruling is recognized by our own Courts as settled.

In *State v. Fellows,* 3 N. C., 340, it is said that "if the bill has been found upon the testimony of a single witness (who is incompetent), it should be quashed," and this is quoted with approval in *State v. Ivey,* 100 N. C., 542: "Where the indictment is found upon the single testimony of an incompetent witness, it should be quashed."

In *State v. Krider,* 78 N. C., 481, which is the only citation made by defendant's counsel, there was a *quare* whether the bill was good when all the witnesses before the grand jury might be incompetent. Here, there was competent evidence before the grand jury, and the petit jury by their verdict found that this competent evidence was sufficient to convict.

In *State v. Knapp,* 9 Pick., 495, 20 Am. Dec., 491 (a somewhat famous case), Parker, C. J., refusing a motion like this, says: "If anything improper shall be given in evidence before the grand jury, the error may be corrected subsequently in the trial before the petit jury." In *State v. Fassett,* 20 Conn., at page 472, Williams, C. J., in following that ruling, says: "If bills are to be quashed because the grand

jury have admitted, or permitted some evidence to be given not strictly legal, and this should be inquired of, few cases of importance would occur in which these questions would not arise preliminary to the trial; for, even in trials before the Courts, questions of evidence are continually arising, about which counsel differ, and sometimes Judges differ. And when we consider that grand jurors are not generally selected on account of their legal acquirements, we may reasonably suppose that they might often admit evidence not strictly legal, which, however, would have very little influence on the cause. If the Courts are to inquire into their proceedings and are to quash indictments whenever such testimony is heard, whether called for or not, and whether material or not, few indictments would come to trial without this preliminary process. In such cases, would it be the duty of the Court to quash every indictment where illegal evidence is given, or must they inquire whether it was material, and, if material, whether there was not evidence sufficient without it? These and many other questions of this character would be constantly arising."

The uniform practice as established by the authorities is that the Court will not inquire into the proceedings had before the grand jury, and will only quash when all the witnesses were incompetent. This is a totally different matter from the incompetency of a grand juror.

No Error.

DOUGLAS, J., dissents.