# IN THE MATTER OF THE APPLICATION OF AKAMU FOR A WRIT OF HABEAS CORPUS.

APPEAL FROM CIRCUIT JUDGE, THIRD CIRCUIT.

SUBMITTED MAY 7, 1906.        DECIDED MAY 17, 1906.

FREAR, C.J., HARTWELL AND WILDER, JJ.

HABEAS CORPUS—*sentence not void though arrest made illegally.*

The want of a warrant, if one were required, in making an arrest would not deprive the trial court of jurisdiction so as to make its sentence void, and the prisoner after sentence is held under it and not under the original arrest and therefore is not entitled to a discharge on habeas corpus.

ID.—*hard labor improperly included in sentence or mittimus.*

The improper inclusion of "hard labor" in a sentence or mittimus which directs imprisonment upon failure to pay a fine does not make the sentence or mittimus void so as to entitle the prisoner to a discharge on habeas corpus.

OPINION OF THE COURT BY FREAR, C.J.

This is an appeal from a refusal to issue a writ of habeas corpus on the petition of one Akamu, who was imprisoned upon his failure to pay a fine of $140 and costs amounting to $3 imposed upon him by the district magistrate of North Kona for selling spirituous liquor without a license.

Passing by the preliminary questions whether an appeal lies from a mere refusal to issue the writ, especially in a case in which by the terms of the statute the writ is not issuable as of right, and whether, if an appeal lies, it should be entertained when, as in this case, it does not appear that the petitioner is still imprisoned, and the time allowed by law for working out the fine and costs would in natural course have expired long since, we are of the opinion that the issuance of the writ was properly refused.

Only two grounds are relied on to show that the petitioner was unlawfully imprisoned. The first of these is that he was arrested and brought before the district magistrate for trial without a warrant of arrest. Assuming, what does not appear, that this was a case in which the arrest would be unlawful if made without a warrant, the want of a warrant would not deprive the magistrate of jurisdiction so as to make his judgment and sentence absolutely void and subject to collateral attack, and the petitioner at the date of his petition was held under the sentence and not under the original arrest. It may be added that it does not appear that any objection was made before the district magistrate on the ground that there was no warrant or that the petitioner did not voluntarily submit to the jurisdiction of the magistrate. In any event this is not an appeal or writ of error for the correction of errors made by the magistrate. It is a petition for a writ of habeas corpus based on the theory that the sentence of the magistrate was absolutely void.

The second ground is that the imprisonment was to be at hard labor according to the terms of the former statute, which was amended so as to prohibit hard labor in cases of this kind by Act 33 of the Laws of 1905, which became law twelve days before the sentence was pronounced by the magistrate. Probably the magistrate had not then learned of the new law or else inadvertently omitted to strike out the words "hard labor" from the printed form of the mittimus. It does not appear, however, by the petition that the petitioner was subjected to hard labor in fact or even that the sentence or mittimus required hard labor. On the contrary it is alleged that he was sentenced to pay the fine and costs "or in default thereof to be imprisoned as by law provided," which would mean without hard labor. There is, however, among the papers sent up what purports to be a mittimus in the case containing the words "hard labor." If we may notice this, we must still hold that the petitioner was not entitled to a discharge. The sentence, even if the clause in regard to imprisonment is regarded as a part of it and not merely a declaration in the mittimus of what is required by law whether included in the sentence or not, is not abso-

lutely void. The words "hard labor" may be regarded as surplusage or void as in excess of the authority of the magistrate and might be struck out by the magistrate or an appellate court, that is, the sentence or mittimus might properly be amended in this respect, but it is not utterly void so as to entitle the petitioner to his discharge on habeas corpus.

The appeal is dismissed.

*H. T. Mills* for petitioner.

*M. F. Prosser* for respondent.