## STATE v. ZEEZICH.

No. 3838.　Decided November 24, 1922.　(210 Pac. 927.)

1. CRIMINAL LAW—ADMISSION OF TESTIMONY OF WITNESS OF QUESTIONABLE COMPETENCY WITHIN COURT'S DISCRETION. The admission of testimony of a witness whose mental capacity is questioned is within the sound discretion of the court and will not be reversed except for manifest abuse of discretion. Citing *State* v. *Blythe*, 20 Utah, 379, 58 Pac. 1108; *State* v. *Morasco*, 42 Utah, 5, 128 Pac. 571; *State* v. *Macmillan*, 46 Utah, 19, 145 Pac. 833.

2. WITNESSES—COURT MAY EXCLUDE WITNESS' TESTIMONY THOUGH SWORN FOR WANT OF MENTAL CAPACITY. After a voir dire examination of a witness and the acceptance of his testimony, it may develop on examination as a witness that he is so mentally incapable as to warrant the court in excluding his testimony, notwithstanding that he has been sworn as a witness; but such action must be founded on grounds of incompetency and not on questions affecting his credibility.

3. WITNESSES—EIGHT YEAR OLD GIRL HELD COMPETENT TO TESTIFY, THOUGH SHE NEVER HEARD OF GOD. The testimony of a girl eight years old, who on voir dire examination testified that she knew "what it is to tell the truth" and "what it is to tell a lie" and that she would be punished if she told a lie, and that her mother and a district attorney had instructed her and told her to tell the truth, *held* admissible, though she testified that she never went to Sunday school and knew nothing about God.

4. CRIMINAL LAW—INSTRUCTION AS TO TESTIMONY OF EIGHT YEAR

OLD GIRL HELD SUFFICIENT. Instruction that jury should examine the testimony of eight year old girl with care and caution on account of her tender years and susceptibility to wrong impression *held* all that defendant could ask for.

Appeal from District Court, Seventh District, Carbon County; *F. E. Woods,* Judge.

Joe Zeezich was convicted of indecent assault, and he appeals.

AFFIRMED.

*H. L. Pratt,* of Salt Lake City, and *L. A. McGee,* of Price, for appellant.

*Harvey H. Cluff,* Atty. Gen., and *W. Hal. Farr,* Asst. Atty. Gen., for the State.

THURMAN, J.

Defendant was convicted of the crime of indecent assault upon a female child under the age of fourteen years and sentenced to a term of imprisonment in the state prison not exceeding five years. Defendant appeals from the judgment and assigns as error the admission, over his objection, of evidence alleged by him to be incompetent.

The only evidence appearing in the record is that of the little girl upon whom it was alleged the assault was committed. She was eight years when her testimony was taken. Defendant objected to her being sworn as a witness, whereupon she was examined as to her competency to testify in the cause. In answer to questions propounded to her by the district attorney, she gave her name, age, and place of residence. She stated she had gone to school, knew how to read, and knew "what it is to tell the truth," and also "what it is to tell a lie," and that she would tell the truth. She identified several persons in the courtroom, among whom were her mother and the defendant. She said that if she told a

lie she would be punished. On cross-examination she said she had talked with her mother and also the district attorney, and that they had told her to tell the truth. She said if she told a lie she would "get a licking." She stated she did not go to Sunday school and that her mother went neither to Sunday school nor to church. She also said she knew nothing about God; had never heard of him, and that nobody ever talked to her about a Heavenly Father. In the course of her cross-examination she also stated she had been told what to say. The foregoing is the substance of her voir dire examination. The court overruled defendant's objection. The witness was sworn and testified on behalf of the state. Her evidence was sufficient to sustain the conviction.

The only question is: Did the court err in permitting the child to be sworn as a witness?

The authorities are practically uniform to the effect that the admission of testimony in cases of this kind is within the sound discretion of the trial court, and that its decision in such cases will not be reversed unless there is a manifest abuse of discretion. Such has been the holding of this court in many decisions heretofore rendered. *State* v. *Blythe,* 20 Utah, 379, 58 Pac. 1108; *State* v. *Morasco,* 42 Utah, 5, 128 Pac. 571; *State* v. *Macmillan,* 46 Utah, 19, 145 Pac. 833. There are no decisions to the contrary in this jurisdiction. Besides holding that the question of competency is within the discretion of the trial court, these cases hold that, not age, but mental capacity, is the test of competency.

In *State* v. *Blythe,* supra, at page 380 of 20 Utah, at page 1108 of 58 Pac., it is said: ,

"Not age, but capability of receiving just impressions of facts and of relating them truly, are the tests of competency, under the statute."

In *State* v. *Morasco,* supra, the court states the rule as follows:

"If the child has the mental capacity to understand the obligations of an oath—that is, appreciates the difference between truth and falsehood—is sensible of the impropriety of telling a falsehood, and that it is his duty to tell the truth, and is capable of receiving just impressions of the facts of which he is to testify, and has the

ability to relate them correctly, he is a competent witness."

In *State* v. *Macmillan,* supra, a case in which the offense charged and the age of the child were the same as in the case at bar, the court, speaking of the discretion vested in the trial court, at page 22 of 46 Utah, at page 834 of 145 Pac., says:

"It is next contended that the district court erred in receiving the testimony of the little girl, with whose person the indecent liberties were taken, and who testified in behalf of the state, upon the ground that she by reason of her youth and want of comprehension of the solemnity of an oath, was incompetent to testify. The question of the competency of a child who is called as a witness, in the very nature of things, must, to a large extent at least, be left to the sound discretion of the trial court. When that court has passed upon the question either way, we cannot interfere, unless it is clearly made to appear that the court abused the discretion vested in it."

In addition to our own decisions upon this question, counsel for the state call our attention to numerous text-writers and cases from other jurisdictions, among which are the following: Wharton's Crim. Ev. vol. 1 (10th Ed.) §§ 366-367; Underhill, Crim. Ev. vol. 4, § 720; 40 Cyc. 200; 7 Ency. of Ev. pp. 271, 272; 28 R. C. L. p. 462; *Wheeler* v. *United States,* 159 U. S. 523, 16 Sup. Ct. 93, 40 L. Ed. 244; *State* v. *Meyers,* 135 Iowa 507, 113 N. W. 322, 124 Am. St. Rep. 291, 14 Ann. Cas. 1.

Many other authorities are cited generally all to the same effect.

Counsel for appellant cites one case only, *Donnelley* v. *Territory,* 5 Ariz. 291, 52 Pac. 368, and quotes the third paragraph of the syllabus, which reads as follows:

"A witness 6 years and 11 months of age, whom defendant was charged with assaulting, on the voir dire did not reveal much knowledge of the nature of an oath or the consequences of falsehood, except that people who told lies would go to jail. Besides, his testimony tended strongly to corroborate his mother's, and he admitted having been under her instructions in regard to his testimony, and a great deal of feeling existed against defendant at the trial. Held, that he should not have been permitted to testify."

From the foregoing quotation it appears that the Arizona

Supreme Court decided the question of competency, not alone upon what was developed on the voir dire examination, but also upon the fact that the evidence of the child was corroborated by that of his mother from whom he had received instructions.

We are of the opinion that the principle upon which the court decided the question was fundamentally wrong. The witness was examined as to his competency to testify. After such examination, the court decided to take his testimony. Whether or not the testimony was corroborated, or was in conflict with that of another witness, and the conclusions to be drawn therefrom, were questions for the jury. A witness may be instructed and corroborated by another witness and nevertheless tell the truth. A rule which would permit a trial judge presiding over a trial by jury to exclude a witness on account of matters merely affecting his credibility would be a novelty in American jurisprudence. It is quite probable that, after a witness has been examined and passed upon a voir dire examination, it might develop upon his examination as a witness that he is mentally incapable of understanding facts and intelligently communicating them as a witness. In such case, the court would, no doubt, have the power to reject his testimony notwithstanding he had been sworn as a witness in the case. The exclusion, however, should be on the grounds of incompetency, and not upon questions affecting his credibility. We are therefore not inclined to adopt the reasoning of the Arizona case.

In the case at bar the witness said she knew ''what it is to tell the truth'' and ''what it is to tell a lie''; she knew she should tell the truth, and would do so if sworn as a witness; she had been told to tell the truth by her mother and the district attorney; she knew if she told a lie she would be punished. It is true she said she knew nothing about God. In the administration of justice we seriously doubt the expediency of excluding the testimony of a witness on that account. If the test were applied to adults as well as infants, it might disqualify thousands of persons hitherto supposed to be competent to testify in a court of

justice.   The witness also stated that her mother told her what to say.   In the same connection, she reiterated time and again that her mother told her to tell the truth.   The jury could easily reconcile the two statements as meaning one and the same thing.   They were instructed by the court to examine the testimony of the child with care and caution on account of her tender years and susceptibility to wrong impressions concerning facts.   The instructions in that respect were all that defendant could ask.

In view of the mental capability of the witness as disclosed by her answers to the questions propounded, we are not justified in holding that the admission of her testimony was an abuse of discretion.

The judgment of the trial court is affirmed.

CORFMAN, C. J., and WEBER, GIDEON, and FRICK, JJ., concur.