### STATE v. R. CARL MITCHEM.

(Filed 19 November, 1924.)

1. **Criminal Law—Judgments—Motions in Arrest—Motion to Quash—Plea in Abatement—Grand Jury.**

   The remedy in a criminal action for a finding of a true bill by the grand jury is either by motion to quash, made before plea, or by plea in abatement, and may not be taken advantage of by motion in arrest of judgment after verdict.

2. **Same—Indictment—Memorandum of Witnesses—Appeal and Error—Record.**

   The names of witnesses endorsed on the bill of indictment by the solicitor is for his own convenience and aid of the officers of the court concerned therein, and is not properly a part of the record on appeal to the Supreme Court.

**3. Evidence—Photographs.**

Where a photograph of the scene of the crime, the subject of the action, has been testified to as being correct, an exception that a witness was permitted to use it in illustration of the facts he was competent to testify to, cannot be sustained on appeal.

APPEAL by defendant from *Stack, J.,* at April Term, 1924, of GASTON.

Criminal prosecution, tried upon an indictment charging the defendant with murder in the first degree.

From a conviction of manslaughter, and judgment pronounced thereon, the defendant appeals, assigning errors.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*Clyde R. Hoey, Ernest R. Warren, Carl E. Carpenter; and Henry L. Kiser for defendant.*

STACY, J.  There is no valid exception appearing on the record in this case.

The defendant complains at the action of the trial court in permitting one of the State's witnesses to use a photograph of the premises, where the homicide occurred, in explaining his testimony.  It was in evidence that the photograph correctly represented the scene of the killing.  The court expressly refused to permit the photograph to be introduced in evidence, but allowed the witness to use it in illustrating his testimony. The evidence as to the correctness of the photograph was sufficient to render it competent for the purposes of its use.  *S. v. Jones,* 175 N. C., 709, and cases there cited.  *Hampton v. R. R.,* 120 N. C., 534.  See, also, 22 C. J., 913; 10 R. C. L., 1153 *et seq.*

The exception stressed on the argument, and chiefly relied upon in defendant's brief, is the one addressed to the refusal of the court to arrest the judgment on the ground that the indictment was found by the grand jury solely upon the evidence of Lanie Mitchem, wife of the defendant herein.  If this be a fact, which is not apparent on the face of the record, the defendant's objection should have been made, in apt time, by motion to quash or by plea in abatement.  *S. v. Coates,* 130 N. C., 701; *S. v. Oliver,* 186 N. C., 329.  A motion in arrest of judgment, to be allowed, must be based on some matter which appears, or for the omission of some matter which ought to appear, on the face of the record.  *S. v. Jenkins,* 164 N. C., 527; *S. v. Douglass,* 63 N. C., 500.

Speaking to the question, in *S. v. Roberts,* 19 N. C., 540, *Ruffin, C. J.,* said: "Judgment can be arrested only for matter appearing in the record, or for some matter which ought to appear and does not appear in the record.  If a bill of indictment be found without evidence, or

upon illegal evidence, as upon the testimony of witnesses not sworn in court, the accused is not without remedy. Upon the establishment of the fact, the bill may be quashed. *S. v. Cain,* 8 N. C., 352. Or the matter may be pleaded in abatement. But the judgment cannot be arrested; for it is no part of the record, properly speaking, to set forth the witnesses examined before the grand jury, or the evidence given by them, more than it is to set out the same things in reference to the trial before the petit jury. A memorandum of the witnesses intended to be used is generally made on the bill by the prosecuting officer for his own convenience, that he may know whom to call; and the clerk usually avails himself of it and marks the names of such as are sworn, in aid of his memory, if the fact should be disputed. But none of those endorsements are parts of the bill or are proper to be engrossed in making up the record of a Superior Court, which merely states that it was presented by the jurors for the State upon their oaths." See, also, *S. v. Lanier,* 90 N. C., 714; *S. v. Sultan,* 142 N. C., 569; *S. v. Frizell,* 111 N. C., 722; *S. v. Horton,* 63 N. C., 595.

There is nothing on the face of the record in the instant case to show that Lanie Mitchem is the wife of the defendant, or that she alone testified before the grand jury. *S. v. Roberts, supra.* The endorsement by the grand jury on the bill of indictment forms no part of the record proper. *S. v. Sheppard,* 97 N. C., 401; *S. v. Hines,* 84 N. C., 810.

It has been held in at least two cases in this jurisdiction that where an indictment is found by the grand jury upon the testimony of a single witness, who is disqualified, it should be quashed. *S. v. Ivey,* 100 N. C., 542; *S. v. Fellows,* 3 N. C., 340. And in *S. v. Coates, supra,* it was said: "When an indictment is found upon testimony, all of which is incompetent, or of witnesses, all of whom are disqualified, the bill will be quashed." But a motion in arrest of judgment after verdict, upon this ground, comes too late. *S. v. Houston,* 50 Iowa, 512. The defendant may not take his chance before the jury and then complain that the indictment was found upon incompetent evidence. This would be giving him "two bites at the cherry." *S. v. Harrison,* 104 N. C., 728. "It seems that if a bill is found solely on incompetent evidence, it will be quashed before plea, though the objection will be too late after conviction." Wharton's Cr. Pl. and Pr. (9 ed.), sec. 363.

It has been held that a variance between indictment and proof may not be taken advantage of by motion in arrest of judgment. *S. v. Jarvis,* 129 N. C., 698; *S. v. McLain,* 104 N. C., 895; *S. v. Craige,* 89 N. C., 475.

No reversible or prejudicial error having been made to appear, we must sustain the validity of the trial.

No error.