# STATE OF HAWAII *v.*
# CHARLES KAHALE HASSARD, JR.

## No. 4217.

AUGUST 10, 1961.

TSUKIYAMA, C. J., CASSIDY, WIRTZ,
LEWIS AND MIZUHA, JJ.

OPINION OF THE COURT BY MIZUHA, J.

Defendant-appellant Charles Kahale Hassard, Jr. was first indicted on April 4, 1960, for carnal abuse of a female under twelve. R.L.H. 1955, § 309-20. Upon objection that defendant's wife was called to testify before the grand jury, a nolle prosequi was filed. On June 9, 1960, the defendant was reindicted for the same offense. On June 22, 1960, defendant filed a "Motion to Discharge and Dismiss Defendant" averring that he had not been taken before a qualified magistrate for examination within forty-eight hours from and after his arrest. The motion was denied. On June 29, 1960, defendant filed a "Motion to Quash and Dismiss Indictment," claiming that the second indictment returned by the same grand jury was invalid because his wife had previously testified before the grand jury which returned the first indictment. The motion was denied. On September 12, 1960, a jury trial began, which resulted in a mistrial. On September 23, 1960, defendant made an oral motion for mental examination. The motion was denied. On September 26, 1960, the second jury trial commenced, resulting in a conviction from which this appeal is taken.

The complaining witness was a nine-year-old girl, younger sister of defendant's wife. Briefly stated, the State's case is that the young child was sent to defendant's home by Mrs. Hassard—Mrs. Hassard and the child living temporarily apart from defendant because of a family quarrel—for the purpose of asking defendant to report to work and, upon so doing, was criminally assaulted by the defendant. Defendant denied the assault. There was no witness to the assault other than the complaining witness.

There are eight specifications of error. The appeal was submitted without oral argument.

Defendant has shown no error in the denial of his motion that he be discharged and dismissed for failure of the police department to bring him before a magistrate, or to discharge him within forty-eight hours of his arrest as claimed in specification number one. The record on appeal is devoid of any matter pertaining to the motion, except the motion itself. See *State* v. *Brooks,* 44 Haw. 82, 352 P. 2d 611. Nevertheless, the question of illegal arrest being raised, it should be noted that the instant case is not one of habeas corpus or other proceeding to require the release of the defendant herein because of his being held contrary to or in violation of R.L.H. 1955, § 255-9, which reads as follows:

"* * * It shall be unlawful in any case of arrest for examination * * * (e) to fail within forty-eight hours of the arrest of a person on suspicion of having committed a crime either to release or to charge such arrested person with a crime and take him before a qualified magistrate for examination."

The defendant was before the court after being legally arrested on a bench warrant issued after indictment by the grand jury. It is immaterial whether an arrest made prior thereto was valid. *Commonwealth* v. *Gorman,* 288 Mass. 294, 192 N.E. 618. See *In re Akamu,* 17 Haw. 487.

By the second specification of error, it is contended that the second indictment should be quashed and defendant discharged on the ground that defendant's wife had previously testified before the grand jury in violation of the statutory provision making a wife incompetent as a witness against her husband. R.L.H. 1955, § 222-18.

"* * * An indictment ordinarily will not be quashed or dismissed for the reason that the grand jury received improper evidence, or for the reason that the grand jury

examined incompetent witness or witnesses, such as the wife of the accused, at least where other evidence was received or witnesses examined." 42 C.J.S., *Indictments and Informations,* § 209.

In the instant case, the defendant's wife testified before the grand jury which returned the first indictment, but did not testify before the grand jury which returned the second indictment. The record of the case reveals that no third person was present when the offense was committed, and the testimony of the complaining witness alone would have been sufficient for the grand jury to return true bills on both occasions. The complaining witness testified again before the grand jury which returned the second indictment.

In *State* v. *Deal,* 207 N.C. 448, 177 S.E. 332, the lower court refused to quash the bill of indictment on the ground that the defendant's wife was examined as a witness before the grand jury. It also appeared that five other witnesses were examined by the grand jury. The court quoting from *State* v. *Moore,* 204 N.C. 545, 168 S.E. 842, 844, restated the law on the subject as follows:

" 'It is well settled as the law of this state that, when a bill of indictment has been returned by the grand jury as a true bill, upon testimony all of which was incompetent, or upon the testimony of witnesses all of whom were disqualified by statute or by some well-settled principle of law in force in this state, the indictment will be quashed on the motion of the defendant made in apt time; but when some of the testimony was competent and some incompetent, or some of the witnesses heard by the grand jury were qualified and some disqualified, the court will not go into the barren inquiry of how far testimony which was incompetent or witnesses who were disqualified contributed to the finding of the bill of indictment as

a true bill. *State* v. *Levy,* 200 N.C. 586, 158 S.E. 94; *State* v. *Mitchem,* 188 N.C. 608, 125 S.E. 190; *State* v. *Coates,* 130 N.C. 701, 41 S.E. 706. This is the general rule in other jurisdictions. 31 C.J. 808, and cases cited.' "

The same grand jury may return a second indictment for the same offense, and a defendant be tried on same, when there is a nolle prosequi on the first indictment. *People* v. *Follette,* 74 Cal. App. 178, 240 Pac. 502; *People* v. *Gilbert,* 26 Cal. App. 2d 1, 78 P. 2d 770; 42 C.J.S., *Indictments and Informations,* § 34(c)(d). Under *State* v. *Deal, supra,* the fact that an incompetent witness was examined upon the return of the first indictment presents no ground against the application of this rule.

This court accordingly holds that the lower court did not err in denying the motion to quash the second indictment.

At the outset of the trial defendant moved "for dismissal of the prosecution on the ground that there had been an attempted deprival of the defendant of his constitutional rights in this case, in that defendant wouldn't be allowed to talk to his wife and myself [counsel for defendant] prior to the trial." Counsel presented to the court: "I was just informed, Your Honor, that he [defendant] came down here under orders, from the Oahu Penitentiary, conveyed by the Prosecutor's Office that he [defendant] wouldn't be allowed to talk to his wife and myself [counsel for defendant] prior to the trial." This information, if true, called for action on the part of the court to correct the situation but not for dismissal of the prosecution. The court ordered that he shall have the opportunity to confer with his counsel, spouse and other defense witnesses during the course of the trial. It does not appear that defendant was prejudiced. The motion was properly denied.

Specification number four relates to admission into evidence of the testimony of the minor victim. The provisions of R.L.H. 1955, § 222-16, read as follows:

"* * * On the trial of any issue joined, or of any matter or question, or on any inquiry arising in any suit, action or proceeding in any court, or before any person having by law or by consent of parties, authority to hear, receive and examine evidence, it shall be lawful for such court or person to receive the evidence of any minor, notwithstanding he may be destitute of the knowledge of God and of any belief in religion or in a future state of rewards and punishments; provided, that the evidence of such minor is given upon his affirmation or declaration to tell the truth, the whole truth, and nothing but the truth, or in such other form as may be approved and allowed by such court or person and after he has been cautioned by such court or person, that he will incur and be liable to punishment if he does not tell the truth; provided also, that no such evidence shall in any case be received unless it is proved to the satisfaction of such court or person, that such minor perfectly understands the nature and object of such declaration or affirmation and the purpose for which his testimony is required."

The complaining witness was ten years old when she testified. Defendant contends that the minor witness was incompetent. Although she did not know what it meant to take an oath, in the *voir dire* examination she did state that she knew what it meant to be sworn to tell the truth, and that she could be punished if she failed to do so. From her answers it was clear that the minor witness perfectly understood the nature and object of her declaration to tell the truth, and the purpose for which her testimony was required. Defendant further argues that the minor

was incompetent because of conversations she had with others, which supposedly showed she was not able to testify from her own recollection. These conversations, upon examination, do not support defendant's argument. Moreover, it is questionable whether the point goes to the competency of the witness as distinguished from the weight and credibility of her testimony. The authorities are not in agreement on the point. Compare *Cross* v. *Commonwealth*, 195 Va. 62, 77 S.E. 2d 447; *People* v. *Delaney*, 52 Cal. App. 765, 199 Pac. 896, 900; *Donnelley* v. *Arizona*, 5 Ariz. 291, 52 Pac. 368, with *State* v. *Zeezich*, 61 Utah 61, 210 Pac. 927.

The question of the competency of the minor complaining witness to testify is addressed to the discretion of the trial judge. *State* v. *Ranger*, 149 Me. 52, 98 A. 2d 652; *Territory* v. *Martin*, 39 Haw. 100, 110. The trial court was fully satisfied after the *voir dire* examination that the complaining witness was a competent witness. We find no abuse of discretion. From a review of the record we conclude that all the requirements of the foregoing statute for the qualification of a minor witness are satisfied. *State* v. *Ponteras*, 44 Haw. 71, 351 P. 2d 1097; *Territory* v. *Martin*, *supra*; *Territory* v. *Sabado*, 38 Haw. 486; *Territory* v. *Silva*, 26 Haw. 648.

Specification number five concerns defendant's motion for a mental examination. It was made orally, unsupported by affidavits or other proof. The determination of whether a mental examination is necessary is in the discretion of the trial court. R.L.H. 1955, § 258-36; 23 C.J.S., *Criminal Law*, § 940(b); *Territory* v. *Gaudia*, 41 Haw. 213. Although defense counsel reviewed defendant's past mental history, the trial court concluded that he was mentally competent from observation of the defendant during the preliminary proceedings and the first trial. No abuse of discretion has been shown. The motion was properly denied.

Defendant's specification number six relates to the lower court permitting the State to comment upon the failure of the defendant's wife to testify. Whether defendant made a proper objection cannot be discerned from the record. In all events there was no error.

Defendant testified that his wife visited him "after 12 or 2 o'clock or 1 o'clock in the morning" the night before the alleged offense, and he had sexual intercourse with her. The purpose of this testimony was to explain the presence of semen on a bed sheet taken from defendant's room the morning after the day of the offense. The alleged attack on the minor complaining witness occurred at around 7 o'clock in the morning. Mr. Joseph McGuire, at whose home defendant's wife was temporarily staying, testified as a State witness, that as far as he knew, defendant's wife never left his house the entire previous evening. Thus, in the development of the evidence, it appeared that the wife of the accused was in a position to know facts which, if true, would be to defendant's interest. R.L.H. 1955, § 222-18, provides that "* * * in all criminal proceedings the husband or wife of the party accused shall be a competent witness for the defense." A spouse's incompetency being removed when testifying on behalf of a defendant, the prosecution can argue the failure on the part of defendant to offer the spouse as a witness, when the spouse is a witness to any fact material to the defense. *Cole* v. *State*, 92 Tex. Crim. 368, 243 S.W. 1100; *Weaver* v. *State*, 129 Tex. Crim. 317, 86 S.W. 2d 758; 5 A.L.R. 2d 930.

Defendant specified as error the giving of State instruction number three, as modified, which reads as follows:

"In order for you to find the defendant guilty of the offense of carnal abuse of a female child under twelve years, it is necessary for the evidence to show

beyond a reasonable doubt a penetration by defendant's sexual organ of the genital organ of the complaining witness, but I instruct you that any penetration of the female organ of the complaining witness, however slight, is sufficient to constitute the offense. And in this connection you are further instructed that it is not necessary to prove an emission or discharge on the part of the defendant; penetration alone is sufficient."

The crime of carnal abuse of a female child under twelve was accurately defined by this instruction which clearly set forth the essential elements of the offense. This was a correct statement of the law in this jurisdiction. *Territory* v. *Chee Siu,* 25 Haw. 814. See 75 C.J.S., *Rape,* § 10, pp. 472, 473; 44 Am. Jur., *Rape,* §§ 3, 4, pp. 902, 903.

Defendant contends that the last sentence "And in this connection you are further instructed that it is not necessary to prove an emission or discharge on the part of the defendant; penetration alone is sufficient" while not prejudicial in some cases, was highly prejudicial in this case unless the jury was further instructed "that they might consider the absence of spermatozoa" on the complaining witness and the defendant, both of whom were examined a few hours after the assault. This request was made orally in chambers. All requests for instructions must be made in writing. *Territory* v. *McGregor,* 22 Haw. 786. The evidence does not sustain defendant's contention. Although there was evidence as to the absence of spermatozoa on the complaining witness, there was no evidence as to the presence or absence of spermatozoa on the defendant.

Where the jury is fully and correctly instructed upon the ingredients of the offense, it is not error to refuse to instruct them regarding a matter which does not amount to a defense. *State* v. *Shortridge,* 54 N.D. 779, 211 N.W.

336. Since defendant did not submit a complete written request for an instruction on the absence of spermatozoa, it is impossible to determine the manner in which counsel desired to have this issue considered by the jury. The trial court did not err in refusing the request for this instruction in its improper, incomplete and indefinite manner. Further, the matter intended to be covered by this instruction was one for argument of counsel and not instruction of the court and the court did say that it will not foreclose defense counsel from arguing on this subject to the jury. No error is shown by this assignment.

Defendant further claims as error the refusal of the lower court to charge that, "* * * if you find that the testimony of the child in this case was given as the result of fear, threats, or pressure put upon her such testimony must be disregarded by you." The lower court properly refused this instruction. Aside from the question whether there was evidence in the record of threats, fear or pressure on the minor complaining witness, the requested instruction was erroneous. It failed to put before the jury the essential question whether complaining witness' testimony was deemed by the jury unworthy of belief. *Cf.*, *Alexander* v. *State*, 21 Ala. App. 497, 109 So. 528. The jury could not be peremptorily instructed to disregard competent evidence. 53 Am. Jur., *Trial*, § 778. The competency of the witness was for the court and the court having ruled on that point without error, as we have held, only the weight and credibility of the testimony were for the jury. The instruction was not so framed as to properly submit that matter to the jury. Being an erroneous instruction, it properly was refused. See *Bonilla* v. *Mutual Telephone Co.*, 40 Haw. 417, 421.

The final specification alleges error in the lower court in refusing to set aside the verdict as contrary to the weight of evidence. The testimony of the complaining

witness and the medical witness more than sufficiently proved the elements of the crime of carnal abuse of a female under twelve. The weight and credibility of the testimony of the minor witness was for the jury. From a review of all the evidence presented at the trial, this court finds that the verdict of the jury was supported by substantial evidence, amounting to more than a mere scintilla. *State* v. *Foster,* 44 Haw. 403, 354 P. 2d 960; *State* v. *Sorenson,* 44 Haw. 608, 359 P. 2d 289.

Judgment affirmed.

*John H. Peters,* Prosecuting Attorney and *Herbert Tanigawa,* D e p u t y Prosecuting Attorney, City and County of Honolulu, Hawaii, for plaintiff-appellee.

*John F. Alexander* (*Hughes |& Alexander*) for defendant-appellant.