The STATE of Utah, Plaintiff and Respondent,

v.

Gilbert SISNEROS, Defendant and Appellant.

No. 15046.

Supreme Court of Utah.

July 10, 1978.

F. John Hill, of Salt Lake County Legal Defender Assn., Salt Lake City, for defendant and appellant.

Robert B. Hansen, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., R. Paul Van Dam, Salt Lake County Atty., Salt Lake City, for plaintiff and respondent.

ELLETT, Chief Justice:

This case is before this Court on an appeal from a conviction of forcible sexual abuse.

Testimony at trial revealed the following facts: Two six-year old girls returned a lost dog to the appellant who tied the dog on his porch, gave the girls some sunflower seeds and hugged one of them. While she was playing with some kittens, the appellant picked up the other girl, hugged her, kissed her, and then put his finger down the front of her pants and rubbed it between her legs. She reported the incident to her

mother. The appellant was subsequently arrested, tried, and convicted before a jury. He now appeals claiming that the lower court erred by refusing to give the requested instructions to the jury as to (1) the appellant's good character, and (2) a cautionary instruction concerning the uncorroborated testimony of the young victim.

The statute under which the appellant was convicted is U.C.A.1953, 76–5–404, as amended, 1973, which states as follows:

(1) A person commits forcible sexual abuse if, under circumstances not amounting to rape or sodomy, or attempted rape or sodomy, he touches the anus or any part of the genitals of another, or otherwise takes indecent liberties with another, or causes another to take indecent liberties with himself or another, with intent to cause substantial emotional or bodily pain to any person or with the intent to arouse or gratify the sexual desire of any person, without the consent of that other.

(2) Forcible sexual abuse is a felony of the third degree.

The first assignment of error discussed in the brief of the appellant is the refusal of the court to give a requested instruction upon good character, and that such refusal constituted prejudicial error. The requested instruction is as follows:

Evidence of the character of the defendant, Gilbert Sisneros, as to those traits which ordinarily would be involved in the commission of a crime such as that charge in this case is relevant to the question of the defendant's guilt or innocence, because it may be reason that a person of good character as to such traits would not be likely to commit the crime of which the defendant has been charged.

Evidence of good character alone may be sufficient to raise a reasonable doubt whether the defendant is guilty, which doubt would otherwise not exist.

The instruction actually given by the court stated:

Evidence of the character of a witness for honesty or veracity may be considered in determining his credibility.

█ Appellant attacks this instruction because it does not advise the jury that evidence of good character, standing alone, may be sufficient to generate a reasonable doubt; and further, that it precluded the jury from considering the appellant's character in determining his guilt or innocence. These objections are without merit.

█ The character evidence introduced went only to establish the appellant's general reputation for honesty and veracity and did not establish his good moral character of the kind that would tend to show he was innocent of the charge of forcible sexual abuse. The requested instruction could have properly been refused based on either the theory that the appellant's general good character as to honesty was not in issue,[1] or that the proof of a trait of the appellant's character was not relevant to prove his innocence of the offense charged so as to justify an instruction on the issue.[2]

The character evidence presented at trial was based on the testimony of three witnesses: Carl Abrams, Larry McKee, and James Wrathall. Mr. Abrams was questioned as follows:

Q. Do you have an opinion as to his [defendant's] reputation for truthfulness and honesty?

A. I think he has a fine reputation as far as his truthfulness is concerned.

The same question was asked of Mr. McKee who answered, "I had no reason to doubt his honesty at all." Other testimony given by Mr. McKee was to the effect that appellant had purchased some carpet from him and that he paid his bills. Mr. Wrathall was also asked his opinion as to appellant's truthfulness and honesty and he replied, "I

---

1. Rule 46, Utah Rules of Evidence (1971).

2. Rule 47, Utah Rules of Evidence (1971).

know of nothing dishonest about Mr. Sisneros. My opinion is that he is a fine family man. . . . I know of nothing against him—his reputation."

■ Furthermore, the requested instruction singles out and gives undue prominence to the evidence of good character based on honesty and veracity. This, in effect, would tend to confuse the jury since evidence of honesty does not necessarily preclude the possibility of a sexual offense.

■ The evidence submitted went only to appellant's honesty and his capacity for truthfulness, evidence that would be proper in determining appellant's credibility rather than his moral behavior. Indeed, no questions were asked that would establish appellant's reputation for good moral conduct that would bring it within the purview of Rules 46 and 47. The fact that appellant pays his bills and is known to be honest in his every-day dealings does not go to prove his guilt or innocence on a sexual abuse charge; and those aspects of his character as to honesty or veracity were never in issue. The trial court properly refused the requested instruction and also properly submitted an instruction that permitted the character testimony to be used only to establish the credibility of the appellant.

■ It has long been the rule that all evidence should be considered together, the weight and effect of such evidence being solely for the jury.[3] The instruction requested by the appellant would have given the jury the erroneous impression that the trait of honesty was relevant to the crime with which appellant was charged and that evidence of honesty was enough, by itself, to raise a reasonable doubt. The jury would thus have been deprived of its initial function—that of weighing all the evidence and determining the credibility of all the witnesses.

The record does not disclose the trial court's reason for refusing the requested instruction. Whatever the view of the trial court may have been, it was justifiable because the tendered instruction places undue emphasis and importance on the character evidence, instead of leaving it to the jury to assess the defendant's credibility according to all the evidence and to consider good character as only one factor.[4]

Appellant's second assignment of error is that because of the age of the victim and the uncorroborated nature of her testimony, the trial court committed prejudicial error by disallowing the following requested instruction:

You are instructed that an offense such as that charged in the information is one which is often based solely upon the testimony of the alleged victim. Therefore, you should examine the testimony of such witnesses with close scrutiny and great care before you may convict the defendant on the basis of such testimony.

■ The competency of a witness of tender years was firmly established under the test set out in *State v. Smith*[5] which stated:

. . . What is essential is that it appear that the child has sufficient intelligence and maturity that she is able to understand the questions put to her; that she has some knowledge of the subject under inquiry and the facts involved therein; that she is able to remember what happened; and that she has a sense of moral duty to tell the truth. . . .

The court examined the victim and found her to be competent to testify. Likewise the competency of the victim's friend who corroborated all of the victim's testimony except the actual touching, was established in the same way. No objection was raised

---

3. *State v. Romero,* Utah, 554 P.2d 216 (1976).

4. *People v. Trimarchi,* 231 N.Y. 263, 131 N.E. 910 (1921), holding that evidence of good character is not, of itself, sufficient to raise a reasonable doubt but is only one factor to consider; and see *Scott v. State,* 72 Nev. 89, 295 P.2d 391 (1956).

5. 16 Utah 2d 374, 377, 401 P.2d 445, 447 (1965).

in the lower court as to the competency of the witnesses. It has long been the rule that the competency of any witness is within the sole discretion of the trial court,[6] and that such discretion will not be disturbed absent a clear showing of abuse.[7] We find no such abuse in this case.

 Appellant urges that because the victim's testimony is uncorroborated, a cautionary instruction should be given to the jury. This contention is also without merit. It is now an accepted rule of law in Utah that a conviction may be sustained upon the uncorroborated testimony of the victim.[8] And, as pointed out above, the victim's testimony was corroborated in many respects.

The trial court did not abuse its discretion in refusing to give the requested instructions. The jury verdict is affirmed.

CROCKETT, WILKINS and HALL, JJ., concur.

MAUGHAN, J., concurs in result.

6. *State v. Scott,* 22 Utah 2d 27, 447 P.2d 908 (1968).

7. *State v. Zeezich,* 61 Utah 61, 210 P. 927 (1922).

8. *State v. Middelstadt,* Utah, 579 P.2d 908 (dec. May 3, 1978).