STATE OF HAWAI`I, Plaintiff-Appellee,
v.
MAURICE NAKAMA, Defendant-Appellant, and DANIEL JACOB MIYAMOTO, Defendant.
No. 28372.
Intermediate Court of Appeals of Hawaii.
April 9, 2009.
On the briefs:
Karen T. Nakasone, Deputy Public Defender, State of Hawai`i, for Defendant-Appellant.
Stephen K. Tsushima, Deputy Prosecuting Attorney, City and County of Honolulu, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
RECKTENWALD, C.J., WATANABE, and FOLEY, JJ.
Defendant-Appellant Maurice Nakama (Nakama) appeals from the judgment entered by the Circuit Court of the First Circuit[1] (circuit court) on December 18, 2006 convicting and sentencing him for the lesser-included offense[2] of assault in the second degree (Assault 2) in violation of Hawaii Revised Statutes (HRS) § 707-711 (1993).[3] The charge against Nakama arose from an altercation that occurred on October 22, 2005, during which Nakama allegedly punched the complainant in the face, causing injuries to the complainant that included a fractured cheekbone and a traumatic brain injury.
On appeal, Nakama argues that the circuit court's "failure to instruct the jury on a negligent state of mind, as defined by HRS § 702-206 (4), was not harmless beyond a reasonable doubt, and violated [his] constitutional right to present a defense" because his "state of mind was `one of the key defenses in this case,'" and he was therefore "entitled to an instruction that supported his defense theory that he was negligent rather than reckless." Upon a careful review of the record and the briefs submitted by the parties, and having given due consideration to the case law and statutes relevant to the arguments advanced and the issues raised, we disagree with Nakama.
The "negligent" state of mind was not applicable to the elements of Nakama's charged offense of attempted murder in the second degree, or the lesser-included offenses of assault in the first degree, Assault 2, or assault in the third degree (Assault 3). Nakama's prospect for acquittal was therefore contingent on the jury finding an absence of recklessness rather than a finding of negligence. As such, his proffered defense theory was "adequately covered" by the circuit court's jury instructions defining "recklessly" and advising the jury that Plaintiff-Appellee State of Hawai`i must prove each statutory element of Assault 2 and Assault 3 beyond a reasonable doubt. See State v. Stuart, 51 Haw. 656, 660-61, 466 P.2d 444, 447 (1970) ("[W]here a given proposition of law is requested to be given in an instruction, the instruction may properly be refused where the same proposition is adequately covered in another instruction that is given. This is true even where the refused instruction is a correct statement of the law."); State v. Hassard, 45 Haw. 221, 230, 365 P.2d 202, 207 (1961) (noting that where the jury instructions accurately defined the essential elements of the charged offense, the circuit court did not err in refusing to give defendant's supplemental instruction and "the matter intended to be covered by [defendant's] instruction was one for argument of counsel and not instruction of the court"); and State v. Fetterly, 886 P.2d 780, 781-82 (Idaho Ct. App. 1995) (holding that in a prosecution for wilful concealment, the defendant was not entitled to a jury instruction on the statutory definition of "negligence" to aid her defense theory that she acted negligently but not wilfully).
Moreover, assuming arguendo that a proposed jury instruction regarding a "negligent" state of mind was called for, any error in failing to provide such instruction was harmless beyond a reasonable doubt because the jury found Nakama guilty of an offense which required a greater state of mind than the state of mind omitted from the instructions. See State v. Haanio, 94 Hawai'i 405, 415-16, 16 P.3d 246, 256-57 (2001).
Therefore, the December 18, 2006 judgment is hereby affirmed.
NOTES
[1] The Honorable Richard W. Pollack presided.
[2] Nakama was indicted for the offense of attempted murder in the second degree.
[3] At the time Nakama allegedly committed the Assault 2 offense, HRS § 707-711 provided, in relevant part, as follows:

Assault in the second degree. (1) A person commits the offense of assault in the second degree if:
(a) The person intentionally or knowingly causes substantial bodily injury to another;
(b) The person recklessly causes serious bodily injury to another[.]
Additionally, HRS § 707-700 (1993 & Supp. 2004) defined " [s]erious bodily injury" and "[s]ubstantial bodily injury[,]" in relevant part, as follows:
"Serious bodily injury" means bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ.
. . . .
"Substantial bodily injury" means bodily injury which causes:
. . . .
(3) A bone fracture [.]