THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ROBERT BARBOUR, Defendant.

Court of General Sessions, New York County, June 25, 1934.

*Frank P. Walsh* and *John J. Curtin*, for the defendant, for the motion.

*William Copeland Dodge*, District Attorney [*Harold W. Hastings* of counsel], opposed.

ROSALSKY, J. The defendant raises four objections to the validity of the indictment charging him with the crime of perjury. Only two merit any consideration: that his constitutional rights were violated in that he was compelled to be a witness against himself in the giving of his testimony before the grand jury; and that illegal testimony was admitted before the grand jury.

The charge of perjury is predicated upon the false testimony alleged to have been given by the defendant against Rita Martini and Fred D. Kaplan, her attorney, before the grand jury which was investigating a charge of attempted extortion based upon the defendant's complaint.

The cases of *People* v. *Bermel* (71 Misc. 356) and *People* v. *Gillette* (126 App. Div. 665) do not sustain the claim of the defendant that he was compelled to be a witness against himself; on the contrary, they uphold the contention of the People that the defendant's constitutional rights were not violated.

In the *Bermel* case, although the proceedings were not actually directed against the defendant, the inquiry of the grand jury was aimed at him. In the *Gillette* case, although the investigation was ostensibly conducted against John Doe and others, it was in fact one against the defendant himself and other officers of insurance companies. In the instant case the defendant himself set the machinery of the criminal law in motion against the woman and her attorney, and he was at all times a witness against them, and it was only because of the alleged false testimony as such witness against the woman that the grand jury returned an indictment against him for perjury.

As was appositely said by Judge CRANE in *People* v. *Bermel* (*supra*): " If the person testifying is a mere witness, he must claim his privilege on the ground that his answers will incriminate him * * *. If the witness, * * * fails to claim this privilege or constitutional right his testimony may be used against him or even be the basis of an indictment."

While illegal testimony was admitted before the grand jury, some of it of a prejudicial character, the defendant is not entitled to a dismissal of the indictment unless it clearly appears that the illegal testimony improperly influenced the minds of the grand jurors. (*People* v. *Farrell,* 20 Misc. 213; *People* v. *Molineux,* 27 id. 79; *People* v. *Sexton,* 42 id. 312; *People* v. *Doyle,* 107 id. 268.)

From a careful analysis of the record, I am satisfied that this illegal testimony did not contribute to the finding of the indictment, and that, therefore, the defendant's rights were not affected. There is sufficient legal evidence in the record to permit the indictment to stand.

A grand jury does not try the issues but inquires and determines whether a crime has been committed. It does not condemn the defendant, but only accuses him of a crime, and it would be unwise in practice to confine a grand jury to technical rules of evidence. (*Hope* v. *People,* 83 N. Y. 418; *People* v. *Edwards,* 25 N. Y. Supp. 480; *People* v. *Willis,* 23 Misc. 572; *People* v. *Doyle,* 107 id. 268.)

The motion to set aside the indictment is denied.