STATE OF HAWAII, Plaintiff-Appellant, *v.* WALTER LOUIS JOAO and BENJAMIN KAAA DAWSON, JR., Defendants-Appellees

No. 5189

December 13, 1971

RICHARDSON, C.J., MARUMOTO, ABE, LEVINSON and KOBAYASHI, JJ.

OPINION OF THE COURT BY LEVINSON, J.

In January, 1971, the grand jury returned an indictment against defendants-appellees Joao and Dawson for first

degree murder. For reasons not material here, the Honorable John C. Lanham, judge of the First Circuit Court, subsequently granted a motion for production of a transcript of the testimony of Cole Kekahuna, the State's sole witness before the grand jury and the original person indicted for the same murder. The transcript revealed that in introducing Kekahuna to the grand jury, the deputy prosecutor made the following statement:

As Mr. Chung [Prosecuting Attorney for the City and County of Honolulu] has said, the witness that we will present to you this afternoon is Cole U. Kekahuna. Very briefly, Cole Kekahuna was the original defendant charged with the murder . . . . Cole Kekahuna has been in jail for 3½ months, and as Mr. Chung says, he has decided to make a clean breast. On his testimony, we seek an indictment . . . .

There is no transcript of the prosecutor's remarks concerning Kekahuna. When Kekahuna testified, he understated his own prior criminal record and the deputy prosecutor failed to correct the error.

The appellees filed a motion in the circuit court to quash and dismiss the indictment against them. They alleged that the conduct of the prosecutor and deputy prosecutor before the grand jury involved "substantial improprieties," namely, that their introduction of and reference to Kekahuna had in substance amounted to a warranty of his credibility. They further argued at the hearing on the motion that since the prosecutor's remarks concerning Kekahuna were not recorded it was impossible to determine with certainty what they were, and that the deputy prosecutor had permitted Kekahuna to misrepresent his own prior criminal record. The State denied that the conduct of the prosecution was improper and denied that it was prejudicial to the rights of the appellees.

On June 18, 1971, following a hearing on the motion to quash, Judge Lanham found that although "[t]he prosecution has a duty to prosecute every case with great vigor and sometimes we all make mistakes. . . . [,] the Grand Jury

might not have returned an indictment if these statements backing up Kekahuna [had] not been made. . . . So the Court finds that the defendants were prejudiced in their constitutional rights to a fair and impartial hearing . . . ." He thereupon issued an order quashing the indictment against the appellees, "without prejudice to the State's right to seek reindictment before another and separate grand jury." Instead of instituting reindictment proceedings, the State has brought this appeal.

## I. *The Finding of Prejudice*

We turn first to a consideration of the circuit court's finding that the cumulative effect of the prosecution's conduct before the grand jury was to prejudice the appellees in their substantial constitutional right to a fair and impartial grand jury proceeding.[1] Article I, section 8 of the Constitution of the State of Hawaii provides in pertinent part:

No person shall be held to answer for a capital or otherwise infamous crime, unless on a presentment or indictment of a grand jury. . . .

Although the requirement of a grand jury indictment as a prerequisite to criminal prosecution has been limited by statute, *see* HRS §§ 705-4, 711-6 et seq., and court rule, *see* H.R.Cr.P., Rule 7, where the indictment mechanism is employed, it must be through a grand jury which is not only "legally constituted," but also "unbiased." *Costello v. United States*, 350 U.S. 359, 363 (1956). At least two courts have held that the requirement that an indictment be returned by an unprejudiced grand jury emanates from the due process clause of the Fourteenth Amendment to the United States Constitution. *See United States v. Whitted*, 325 F. Supp. 520, 522-23 (D. Neb. 1971), and *State v. Good*, 10 Ariz.

---

[1] In light of the circuit court's finding that the prosecution's "overstepping" must be viewed in the "context" of all of the improprieties alleged by the appellees, it is unnecessary to decide whether any one of them would have been sufficient in itself to establish prejudice.

App. 556, 559-60, 460 P.2d 662, 665-66 (1969). *Cf. Gorin v. United States*, 313 F.2d 641, 645 (1st Cir. 1963), *cert. denied*, 379 U.S. 971 (1965), relating to the due process clause of the Fifth Amendment. *But see United States v. Sweig*, 316 F. Supp. 1148, 1153-54 (S.D.N.Y. 1970).

A tendency to prejudice may be presumed when, in presenting cases to the grand jury, the trial court finds that the prosecutor or his deputies have engaged in

> words or conduct that will invade the province of the grand jury or tend to induce action other than that which the jurors in their uninfluenced judgment deem warranted on the evidence fairly presented before them.

*Commonwealth v. Favulli*, 352 Mass. 95, 106, 224 N.E.2d 422, 430 (1967). *See also, Attorney General v. Pelletier*, 240 Mass. 264, 307-08, 134 N.E. 407, 419 (1922).[2]

In the case at bar, the circuit court found that the grand jury "might not have returned an indictment" if the prosecution had not made the statement that the individual originally charged with the same offense had now "decided to make a clean breast." Such a finding certainly establishes a tendency to prejudice. It is unnecessary that the appellees prove that the grand jury was in fact influenced by the statements. *State v. Good*, 10 Ariz. App. 556, 559, 460 P.2d 662, 665 (1969). Such a burden might well be impossible to meet. We cannot second guess the grand jury by assuming that it would have returned an indictment against the appellees even if the character of the proceeding had been other than what it was. *See Ex parte Bain*, 121 U.S. 1, 10 (1887)[3]

---

[2]It should be emphasized that in making such a finding the court is neither passing upon the credibility of grand jury witnesses nor upon the competency or adequacy of the evidence adduced. It is the prejudicial character of the prosecutor's conduct which is the sole object of the court's inquiry.

[3]For a clear statement of the problem, see United States v. DiGrazia, 213 F. Supp. 232, 235 (N.D. Ill. 1963):
> But even assuming the presentation of other evidence which, in itself, would have warranted the indictment, it must necessarily be pure speculation as to whether that evidence or the prejudicial conduct of the prosecutor or both prompted the Grand Jury's action.

We hold that the conduct of the prosecutors was contrary to "those 'fundamental principles of liberty and justice which lie at the base of all our civil and political institutions' ", see *Palko v. Connecticut*, 302 U.S. 319, 328 (1937), and therefore violated the due process clause of the Fourteenth Amendment of the Constitution of the United States, and article 1, section 4 of the Hawaii Constitution.

## II. *The Quashing of the Indictment*

The State relies for its proposition that the circuit court abused its discretion in quashing the indictment against the appellees solely upon its contentions 1) that the appellees had failed affirmatively to demonstrate actual prejudice, and 2) that the circuit court had improperly passed upon the credibility of the witness, Cole Kekahuna. As to the first contention, it is sufficient for the appellees to demonstrate that the prosecutors' conduct tended to prejudice them before the grand jury. We have already rejected the State's second contention, inasmuch as the object of the court's inquiry was the conduct of the prosecution, rather than the credibility of the witness. Where a defendant's substantial constitutional right to a fair and impartial grand jury proceeding is prejudiced, a quashing of the indictment emanating therefrom is an appropriate remedy. *State v. Good, supra.*

Affirmed.[4]

---

[4]We note that much of the colorable character of the grand jury proceedings in the instant case derives from the "off the record" nature of the prosecuting attorney's remarks. In McMahon v. City and County of Honolulu, 51 Haw. 589, 465 P.2d 549 (1970), we amended H.R.Cr.P., Rule 6(d) to require that an official court reporter shall be present and shall fully record all *evidence* presented to the grand jury. Strictly speaking, the amended rule does not make mandatory the recording of all *statements* made to the grand jury. Trial courts have recognized the desirability of such a requirement, although they have deemed themselves bound by the presently existing procedures. See, e.g., United States v. Messitte, 324 F. Supp. 334 (S.D.N.Y. 1971), at 337:

There seems to be no good reason why, if the testimony of witnesses is recorded, the remarks of the Assistant United States Attorney conducting the proceedings should not be recorded also. This would not hamper the grand jury proceedings in any way nor place any undue additional burden

*Michael A. Weight,* Deputy Prosecuting Attorney (*Barry Chung,* Prosecuting Attorney, of counsel) for plaintiff-appellant.

*Charles Lotsof* (*Hyman M. Greenstein* of counsel) for defendant-appellee Joao.

*David C. Schutter,* for defendant-appellee Dawson.

on the reporter. In my view, "the better procedure" . . . should include the recording of all statements or remarks of the Assistant before the grand jury with respect to the case.

However, it by no means follows that the failure to record such statements or remarks invalidates an indictment subsequently handed down. The cases are consistently to the contrary and I see no reason to depart from them.

See also, People v. Benin, 186 Misc. 548, 61 N.Y.S.2d 692 (1946), at 693:

To rule that a defendant has no means of redress where the District Attorney, for instance, presumes to pass on the credibility of witnesses or advances arguments which persuade the grand jury to indict where otherwise it may have noted no indictment, would be shocking. The Legislature could never have intended . . . to permit a practice so offensive to every concept of justice and fair dealing.

Only if a record were taken could there be an opportunity to ascertain whether the grand jury had been influenced to vote an indictment because of an erroneous or improper statement of evidence or of law.

. . . .

It is my view that if the representative of the People sums up to a grand jury on the facts or instructs on the law as it may pertain to those facts, he should do so in the presence of the grand jury stenographer and on the record.

Furthermore, the recording of prosecutors' statements before grand juries has recently been championed by the American Bar Association's Project on Standards for Criminal Justice. Standard 3.5(c) of the American Bar Association, Standards Relating to the Prosecution Function (Approved Draft, 1971) declares: "The prosecutor's communications and presentations to the grand jury should be on the record." The commentary to Standard 3.5 states: "Since grand jury proceedings are generally secret and ex parte, it is particularly desirable that a record be made of the prosecutor's communications and representations to the jury."

We are persuaded that such a requirement would do much to resolve questions of alleged prejudicial prosecutorial conduct before the grand jury, and we will issue, under separate order, an amended version of H.R.Cr.P., Rule 6(d) requiring that all statements before the grand jury be recorded.