STATE OF HAWAII, Plaintiff-Appellant, *v.* ROBERT
ANTHONY SCOTLAND, Defendant-Appellee

NO. 6011

DECEMBER 2, 1977

RICHARDSON, C.J., KOBAYASHI, OGATA,
MENOR AND KIDWELL, JJ.

*Per Curiam.* Defendant-appellee, Robert Anthony Scotland (hereinafter appellee), was indicted by the Kauai Grand Jury for the offense of promoting a harmful drug in the first degree in violation of §1244(1) (d) of the Hawaii Penal Code, as enacted by Act 9, Session Laws of Hawaii 1972.[1] The trial court quashed the indictment upon appellee's motion and the State appeals. We reverse and remand the case for further proceedings.

We have scrutinized the transcript of the testimony received by the grand jury as to a narcotics trafficking investigation leading to the incident constituting the offense mentioned in the indictment. Such an examination reveals that a certain statement was made by the latter of two witnesses who appeared before the grand jury. In the course of his examination, the deputy prosecutor asked the second witness, a police detective: "Q: Will you tell the members of the grand jury the facts and circumstances under which you met with Officer Barry Born?" In response thereto, the witness replied: "A: Earlier we decided to work a case against this Scotland. We knew he had been pushing drugs."[2] The trial court found that the latter sentence of the answer had a tendency to prejudice the appellee before the grand jury and granted his motion to dismiss the indictment.

Our review of the transcript of the evidence which was

---

[1] The text of the revised Title 37 of the Hawaii Revised Statutes which contains the Hawaii Penal Code, as enacted by Act 9, Session Laws of Hawaii 1972, is now contained in Hawaii Revised Statutes, Special Pamphlet. Therein §1244(1) (d) has been designated §712-1244(1) (d).

[2] One definition for the word "push" given in Webster's New Collegiate Dictionary, 1973, is "c: to engage in the illicit sale of (narcotics)."

before the grand jury demonstrates, and we find, that there was more than sufficient legal and competent evidence for the grand jury to find probable cause that the appellee violated HRS § 712-1244(1) (d) (Special Pamphlet). By probable cause, we mean "[s]uch a state of facts as would lead a man of ordinary caution or prudence to believe, and conscientiously entertain a strong suspicion of guilt of the accused." *Malleck v. Superior Court,* 142 Cal. App. 2d 396, 397, 298 P.2d 115, 116 (1956); *People v. Rissman,* 143 Cal. App. 2d 488, 299 P.2d 944 (1956).

We have held that where sufficient legal and competent evidence is presented to a grand jury, the reception of illegal or incompetent evidence would not authorize the court to set aside an indictment if the remaining legal evidence, considered as a whole, is sufficient to warrant the indictment. *State v. Hassard,* 45 Haw. 221, 365 P.2d 202 (1961); *accord, People v. Calandrillo,* 29 Misc.2d 485, 215 N.Y.S.2d 355 (1961); *see People v. Avant,* 33 N.Y.2d 265, 352 N.Y.S.2d 161, 307 N.E.2d 230 (1973); *People v. Leary,* 305 N.Y. 793, 113 N.E. 2d 303 (1953). In the instant case, because there was ample evidence amounting to probable cause in the first witness's testimony and the second witness's testimony exclusive of the complained of sentence, it is apparent that the indictment should have been allowed to stand. The instant case is similar to *State v. Hassard, supra,* wherein this Court expressed the proposition that the testimony of a wife against her husband was incompetent as violative of R.L.H. 1955, § 222-18, but that such testimony would not vitiate and nullify the indictment if otherwise valid. *See Coppedge v. United States;* 311 F.2d 128, 132 (D.C. Cir. 1962).

It is not contended by appellee that the grand jury was "illegally constituted," *Costello v. United States,* 350 U.S. 359 (1976), or was "biased" as defined in *Pierre v. Louisiana,* 306 U.S. 254 (1939). Thus, the only basis upon which the trial court based its decision was the underlying prejudice alleged to have been generated by the irresponsive statement of the witness.

We hold that in proceedings determining the validity of an indictment, the state does not have the burden of proving that

the alleged illegal or improper testimony is not prejudicial; it is the duty of the defendant to come forward and present a case proving prejudice. "[I]n the absence of proof, the court will not assume or conjecture, as a matter of fact, that the grand jury deliberations were so infected as to invalidate the indictment." *United States v. Hoffa,* 205 F.Supp. 710 (S.D.Fl. 1962), *cert. denied sub nom. Hoffa v. Lieb,* 371 U.S. 892 (1962). "We rule that a specific showing of prejudice is necessary to make erroneous the action of the trial judge in refusing to dismiss the indictment." *Beck v. United States,* 298 F.2d 622, 627 (2d Cir. 1962), *cert. denied* 370 U.S. 919 (1962); *United States v. Hoffa, supra.*

If the illegal or improper testimony clearly appears to have improperly influenced the grand jurors despite the presence of sufficient evidence amounting to probable cause to indict the defendant, he would be entitled to a dismissal. *People v. Barbour,* 152 Misc. 39, 273 N.Y.S. 788 (1934); *see State v. Joao,* 53 Haw. 226, 491 P.2d 1089 (1971). Such is not the case here. All we have here is the statement by a witness that "we knew that he had been pushing drugs," a bare conclusion on the part of the witness, *Territory v. Gusman,* 36 Haw. 42 (1942), which would be subject to a motion to strike by defense counsel if it were elicited at trial. *State v. Hashimoto,* 46 Haw. 183, 195, 377 P.2d 728, 736 (1962). It appears to us that the complained of statement explained why the police department had focused its attention upon the appellee. There is no evidence in the record that any member of the grand jury was consciously aware of any prejudice from this statement, which is understandable in light of the testimony given by the first witness, undercover police officer Born, who earlier testified to the attempted sale of cocaine and the actual sale of hashish by the appellee to him. That same witness further testified to the grand jury that as appellee exited from the vehicle he told the witness that if he was interested in purchasing any more, appellee would be in contact with him and they could meet around Ching Young store at any time. On the basis of this record, we do not think that the controverted statement could tend to prejudice the appellee in the eyes of the grand jury to the extent that without such a statement the

grand jury would not have returned the indictment. *See, Joao*.

The appellee argues that our ruling in *Joao* controls in the instant case. In that case we found that the prosecutors by attesting to the credibility of a witness to be presented to the grand jury bolstered that sole witness's testimony thereby prejudicing the defendant. Furthermore, we held in that case that an express finding by the trial court that "the grand jury might not have returned an indictment had the prosecutor not made the statement" established a tendency to prejudice; and that it was unnecessary to prove that the grand jury was in fact influenced by such statement. We are satisfied that the facts in *Joao* and this case are dissimilar. Aside from the fact that the prosecutor's question did not amount to misconduct, there is no finding in this case by the trial court that the grand jury might not have returned an indictment if the improper statement had not been made.

Appellee also contends on the basis of *People v. Hargrove*, 80 Misc.2d 317, 363 N.Y.S.2d 241 (1975), that the prosecutor was under an affirmative duty to give limiting instructions to the grand jury informing it that the improper testimony was to be ignored. The prosecutor in *Hargrove* intentionally and purposefully solicited prejudicial testimony of prior convictions of the defendant from the witness. In contrast, we find in the instant case that the witness's answer was not responsive to the question asked, which eliminates any notion of prosecutorial solicitation of prejudicial testimony. We know of no rule of law that mandates the prosecutor to give to the grand jury an instruction to disregard improper testimony in a case such as the one before us. There is nothing in the record to show that the prosecutor's conduct before the Kauai Grand Jury was prejudicial to the appellee. We therefore hold that the trial court erred in granting appellant's motion to quash.

Reversed, the indictment is reinstated and this cause is remanded for further proceedings.

*Calvin K. Murashige*, Deputy Prosecuting Attorney, County of Kauai, for plaintiff-appellant.

*James G. Jung, Jr.*, Deputy Public Defender, for defendant-appellee.