**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000050
12-FEB-2025
08:01 AM
Dkt. 84 SO**

NO. CAAP-21-0000050

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

WORLD BOTANICAL GARDENS, INCORPORATED,
a Nevada corporation, Plaintiff-Appellee, v.
WALTER WAGNER; LINDA WAGNER; DAN PERKINS, Defendants-Appellants,
and DAVID ADAMS, Defendant-Appellee,
and JOHN DOES 1-10; JANE DOES 1-10; and DOE ENTITIES, 1-10,
Defendants.

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 3CC051000210)

SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, Wadsworth and McCullen, JJ.)

Self-represented Defendants-Appellants Dan Perkins,[1]

**Linda** M. Wagner, and **Walter** L. Wagner (together, **Appellants**)

appeal from the Circuit Court of the Third Circuit's

(1) December 22, 2020 "Amended Order Granting Plaintiff's Motion

to Extend First Amended Final Judgment Entered on 9/28/2009

Pursuant to [Hawaiʻi Revised Statutes (**HRS**)] §657-5" (**Amended**

---

[1] On December 9, 2024, self-represented Defendant-Appellant Walter L. Wagner filed a "Notice of Passing[,]" informing the court that self-represented Defendant-Appellant Dan Perkins passed away on December 5, 2024.

**Extension Order**); (2) November 24, 2020 "Minute Order Denying Defendants' Letter Seeking to Vacate Nunc Pro Tunc Order of February 29, 2020 Filed October 8, 2020" (**Minute Order**); and (3) March 2, 2020 "Order Granting Plaintiff's Motion to Extend First Amended Final Judgment Entered on 9/28/2009 Pursuant to HRS §657-5" (**Extension Order**).[2]

We lack jurisdiction to review the March 2, 2020 Extension Order. The Extension Order was an appealable post-judgment order because it ended proceedings on Plaintiff-Appellee **World Botanical** Gardens, Incorporated's motion to extend the First Amended Final Judgment, leaving nothing further to be accomplished. Ditto v. McCurdy, 103 Hawaiʻi 153, 157, 80 P.3d 974, 978 (2003). Appellants' notice of appeal was filed on January 19, 2021, after the deadline set by Hawaiʻi Rules of Appellate Procedure Rule 4. The November 24, 2020 Minute Order is not an appealable order. See Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawaiʻi 319, 321 n.3, 966 P.2d 631, 633 n.3 (1998) (stating "a minute order is not an appealable order"). Our review is limited to Appellants' challenges to the December 22, 2020 Amended Extension Order.

On February 25, 2009, the circuit court entered a judgment in favor of World Botanical and against Appellants.

---

[2] The Honorable Peter K. Kubota presided over the Amended Extension Order and Minute Order. The Honorable Jeffrey A. Hawk presided over the Extension Order.

2

Appellants refer to this as the "first-in-time" judgment. Appellants appealed, and this court dismissed for lack of jurisdiction because the first-in-time judgment was not a final appealable judgment. World Botanical Gardens, Inc. v. Wagner, No. 29739, 2009 WL 2480849 (App. Aug. 12, 2009) (Order).

On September 28, 2009, the circuit court entered a First Amended Final Judgment (**First Amended Judgment**) in favor of World Botanical and against Appellants, which was affirmed on appeal. World Botanical Gardens, Inc. v. Wagner, 126 Hawaiʻi 24, 265 P.3d 493, No. 30133, 2011 WL 4375083 (App. Sept. 20, 2011) (SDO), cert. rejected, No. SCWC-30133, 2011 WL 6067323 (Haw. Dec. 6, 2011). Almost ten years later, on September 5, 2019, World Botanical moved to extend the September 28, 2009 First Amended Judgment, and Appellants opposed the motion. The circuit court granted the motion, entering its Extension Order on March 2, 2020. Appellants did not appeal the Extension Order.

Seven months after the Extension Order was entered, Appellants filed a document they labeled as a non-hearing "Motion to Vacate Nunc Pro Tunc Order of February 29, 2020 [Hawaiʻi Rules of Civil Procedure (**HRCP**)] Rule 60(B)" (**Rule 60(b) Motion**). (Internal brackets omitted.)

In the Minute Order, the circuit court noted Walter and Linda were designated vexatious litigants, prohibiting them

3

from filing motions without "express authority from the [p]residing [j]udge." The circuit court also indicated it would accept the Rule 60(b) Motion, and then denied the Rule 60(b) Motion. The Minute Order nonetheless instructed World Botanical to submit an amended order excluding Linda from the extended judgment.[3]

The circuit court then entered the Amended Extension Order, adding language that the extension was "only as to Defendants Walter Wagner and Dan Perkins, and Defendant Linda Wagner is hereby excluded from the scope of the extension of judgment." The Amended Extension Order noted the circuit court denied Appellants' Rule 60(b) Motion in its Minute Order.

Appellants appealed, raising six points of error.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the issues raised and the arguments advanced, we resolve this appeal as discussed below, and affirm.

A denial of an HRCP Rule 60(b) motion is reviewed for an abuse of discretion. James B. Nutter & Co. v. Namahoe, 153 Hawaiʻi 149, 161, 528 P.3d 222, 234 (2023). "The burden of establishing abuse of discretion in denying a HRCP Rule 60(b)

---

[3] As part of her September 19, 2019 affidavit in opposition to the motion to extend, Linda submitted a copy of a January 20, 2011 dated bankruptcy discharge she received from the United States Bankruptcy Court for the District of Utah.

motion is on the appellant, and a strong showing is required to establish it." Id. at 162, 528 P.3d at 235 (cleaned up). But "under HRCP Rule 60(b)(4), an order is void only if the court that rendered it lacked jurisdiction of either the subject matter or the parties or otherwise acted in a manner inconsistent with due process of law." Id. (cleaned up). "As such, a denial of a HRCP Rule 60(b)(4) motion is reviewed *de novo*." Id.

(1)  In their first point of error, Appellants appear to contend World Botanical lacked standing to extend the judgment.

Appellants' Rule 60(b) Motion did not raise this issue, and thus, this point is waived. See Ass'n of Apartment Owners of Wailea Elua v. Wailea Resort Co., 100 Hawaiʻi 97, 107, 58 P.3d 608, 618 (2002) ("Legal issues not raised in the trial court are ordinarily deemed waived on appeal.").

(2)  In their second point of error, Appellants appear to argue that World Botanical's counsel, Thomas **Yeh**, lacked standing to represent it. Appellants do not specify the subpart of HRCP Rule 60(b) on which they rely.

In their opening brief, Appellants note the "error is detailed in the referenced affidavit, ROA #496[.]" Walter's affidavit, located at 3CC051000210 Docket 496, makes unsubstantiated assertions. Appellants' opening brief provides

no legal authority (other than authority defining "interim trustee" as used in the United States Bankruptcy Code) or record citations to support their argument.

In their Rule 60(b) Motion, Appellants argued World Botanical was dissolved in 2014 and Yeh was not "appointed by anyone of authority to represent" it. And, their Rule 60(b) Motion cited only a 2011 opinion in one of Walter's prior appeals. Appellants presented no evidence to support their contention that World Botanical was dissolved.

Under these circumstances, the circuit court acted within its discretion by denying the Rule 60(b) Motion.

**(3)** In their third and fourth points of error, Appellants contend the judgment "could not legally be extended, because the Hawaiʻi extension statute requires that the extension be entered within 10 years of entry of the *original* judgment." Appellants appear to argue that the extension orders are void because the motion to extend was not filed within ten years of the February 25, 2009 first-in-time judgment (which was not a final judgment) and the Extension Order was not entered before the tenth anniversary of the September 28, 2009 First Amended Judgment.

Appellants again do not specify the subpart of HRCP Rule 60(b) on which they rely.

6

We construe Appellants' point of error as relying on HRCP Rule 60(b)(4) ("the judgment is void"). Voiding a judgment pursuant to HRCP Rule 60(b)(4) is limited to judgments rendered where the court "lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." Bank of Hawaii v. Shinn, 120 Hawaiʻi 1, 13, 200 P.3d 370, 382 (2008) (cleaned up).

HRS § 657-5 (2016) provides in part that "[n]o extension of a judgment or decree shall be granted unless the extension is sought within ten years of the date of the original judgment or decree." (Emphases added.) The Hawaiʻi Supreme Court has clarified "that [the] 'original judgment' of HRS § 657-5 pertains to the judgment that creates the rights and responsibilities that the moving party is seeking to enforce and extend." Est. of Roxas v. Marcos, 121 Hawaiʻi 59, 71, 214 P.3d 598, 610 (2009).

This court dismissed Appellants' first appeal for lack of jurisdiction and the circuit court entered the September 28, 2009 First Amended Judgment to satisfy the requirements for an appealable final judgment. As a result, the September 28, 2009 First Amended Judgment created the rights and responsibilities World Botanical wanted to enforce and extend. See Marcos, 121 Hawaiʻi at 71, 214 P.3d at 610; HRCP Rule 54(a).

Moreover, HRS § 657-5 speaks to when the extension must be "sought[,]" not when the extension order must be "entered."  Here, World Botanical filed its motion to extend the First Amended Judgment on September 5, 2019, within ten years after entry of the September 28, 2009 First Amended Judgment.

Thus, the circuit court had jurisdiction over the matter, and did not err in denying Appellants' Rule 60(b) Motion.

**(4)**  In their fifth point of error, Appellants assert the First Amended Judgment "was obtained by fraud and is not reflective of the actual facts."

Appellants again do not specify the subpart of HRCP Rule 60(b) on which they rely.

To the extent Appellants' point of error relies on HRCP Rule 60(b)(3) ("fraud[,] misrepresentation, or other misconduct of an adverse party"), an HRCP Rule 60(b)(3) motion must be made "not more than one year after the judgment, order, or proceeding was entered or taken."  Here, the First Amended Judgment was entered over ten years before their Rule 60(b) Motion.  Thus, an HRCP Rule 60(b)(3) motion would be untimely.

To the extent Appellants' point of error relies on HRCP Rule 60(b)(4) ("the judgment is void"), they argue they were denied due process because of the alleged false criminal charges, which resulted in Linda and Walter's absence from the

8

civil trial.  Basic elements of due process are "notice and an opportunity to be heard at a meaningful time and in a meaningful manner."  Davis v. Bissen, 154 Hawaiʻi 68, 82, 545 P.3d 557, 571 (2024) (citation omitted).

Other than their own affidavits, Appellants do not point to any evidence in the record to corroborate their claims of fraud.  See Hawaii's Thousand Friends v. Anderson, 70 Haw. 276, 286, 768 P.2d 1293, 1300-01 (1989); cf. State v. Scotland, 58 Haw. 474, 477, 572 P.2d 497, 499 (1977) (explaining if incompetent evidence is received by the grand jury, indictment should be dismissed only if the testimony clearly appears to have improperly influenced the grand jurors despite the presence of sufficient evidence amounting to probable cause).

And even accepting Appellants' allegation that perjured testimony was presented to the grand jury to indict Linda, whom they deemed a key witness, Appellants made no showing that they requested and were denied a continuance of the civil trial.  Appellants also do not challenge the circuit court's findings that after Linda was arrested, they did not request a continuance of the civil trial.

Thus, the circuit court did not abuse its discretion or err in denying the Rule 60(b) Motion.

**(5)**  Finally, in their sixth point of error, Appellants challenge the circuit court's use of "NUNC PRO TUNC"

in the Extension Order. As we explained, we do not have jurisdiction to review the Extension Order. Even if we did, the Amended Extension Order replaced the Extension Order so Appellants' challenge to the Extension Order would be moot.

Based on the foregoing, we affirm the December 22, 2020 Amended Extension Order.

DATED: Honolulu, Hawaiʻi, February 12, 2025.

| On the briefs: | /s/ Keith K. Hiraoka<br>Presiding Judge |
|---|---|
| Dan Perkins,<br>Linda M. Wagner,<br>Walter L. Wagner,<br>Defendants-Appellants,<br>pro se. | /s/ Clyde J. Wadsworth<br>Associate Judge<br><br>/s/ Sonja M.P. McCullen<br>Associate Judge |
| Thomas L.H. Yeh,<br>Keyra K. Wong,<br>for Plaintiff-Appellee. | |